1 | Spencer C. Skeen, CA Bar No. 182216
  | spencer.skeen@ogletree.com
2 | Tim L. Johnson, CA Bar No. 265794
  | tim.johnson@ogletree.com
3 | Jesse C. Ferrantella, CA Bar No. 279131
  | jesse.ferrantella@ogletree.com
4 | Nikolas T. Djordjevski, CA Bar No. 294728
  | nikolas.djordjevski@ogletree.com
5 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
  | 4370 La Jolla Village Drive, Suite 990
6 | San Diego, CA  92122
  | Telephone:   858.652.3100
7 | Facsimile:    858.652.3101

8 | Attorneys for Defendants G6 HOSPITALITY, LLC and
  | MOTEL 6 OPERATING L.P.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CUMMINGS, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>G6 HOSPITALITY, LLC, a Limited Liability Company; MOTEL 6 OPERATING L.P., a Limited Partnership; and DOES 1-50, Inclusive,<br><br>            Defendants. | Case No. **'19CV122  GPC LL**<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; and Declarations of Mike Moore and Jesse C. Ferrantella] |

37076885_1

DEFENDANTS' NOTICE OF REMOVAL

Defendants G6 Hospitality LLC ("G6") and Motel 6 Operating L.P. ("Motel 6") remove this action from the San Diego County Superior Court to the Southern District of California under 28 U.S.C. § 1332(d) (Class Action Fairness Act ["CAFA"]). Removal is proper because: (1) Plaintiff and other members of the putative class are citizens of a State different from any defendant; (2) the number of members of the putative class is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. The above facts were true when Plaintiff filed her Complaint and remain true as of this Notice of Removal. All CAFA requirements are satisfied.

## I. STATE COURT ACTION

1. Plaintiff Christina Cummings filed a Class Action Complaint on November 5, 2018 in the San Diego County Superior Court ("Action"). The Action was assigned Case No. 37-2018-00056207-CU-OE-CTL. (Declaration of Jesse C. Ferrantella ["Ferrantella Decl."], ¶ 2.) A copy of the Class Action Complaint is attached as **Exhibit 1**.

2. Defendants were served with the Complaint on December 18, 2018. (Ferrantella Decl., ¶ 3.) A copy of the proof of service is attached as **Exhibit 2**.

3. On January 3, 3019, Plaintiff filed a First Amended Complaint ("FAC"). (Ferrantella Decl., ¶ 4.) A copy of the FAC is attached as **Exhibit 3.**[1]

4. Defendants Answered the FAC in state court on January 16, 2019 (Ferrantella Decl., ¶ 5.) A copy of the Answer is attached hereto as **Exhibit 4**.

## II. REMOVAL IS TIMELY

5. Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendants' deadline to remove is January 17, 2019. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This Notice of Removal is timely.

---

[1] Although the Action was removable based on allegations in the original Complaint, all references will be to the operative FAC.

1
DEFENDANTS' NOTICE OF REMOVAL

37076885_1

### III. REMOVAL IS PROPER UNDER CAFA

6. Removal is proper given Plaintiff's allegations and claims. The FAC asserts the following claims on a class and/or representative basis: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide accurate itemized wage statements; (7) failure to pay wages upon termination or resignation; and (8) violation of PAGA. (Ex. 3, FAC.)

7. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of the proposed class is over 100 in the aggregate; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

8. This Court has jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in Plaintiff's proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. CAFA's Diversity of Citizenship Requirement Is Satisfied

9. CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.,* No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015); citing, *California v. InelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

10. Plaintiff alleges that she was employed by Defendants in California from August 2018 to September 2018. (Ex. 3, FAC, ¶ 4.) At all relevant times, Plaintiff was domiciled in and a citizen of the State of California. (Declaration of Mike Moore ["Moore Decl."], ¶ 2.)

11. At all relevant times, Motel 6 has been a limited partnership organized under the laws of Delaware with its principal place of business in Texas. The majority of Motel 6's executive and administrative functions have occurred in Texas. Motel 6 is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Moore Decl., ¶ 3.)

12. Similarly, and at all relevant times, G6 has been a limited liability company organized under the laws of Delaware with its principal place of business in Texas. The majority of G6's executive and administrative functions have occurred in Texas. G6 also is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Moore Decl., ¶ 4.)

**B. CAFA's Class Size Requirement Is Satisfied**

13. Plaintiff defines the California Class Period as "any time during the period beginning four (4) years prior to the filing of [her] Complaint and ending on the date as determined by the Court." (Ex. 3, FAC, ¶ 21.)

14. From November 5, 2014 through the date of this Notice of Removal, Defendants employed, in the aggregate, more than 100 putative class members. (Moore Decl., ¶ 5.)[2]

**C. CAFA's Amount in Controversy Requirement Is Satisfied**

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

16. The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). For removal, "[t]he court accepts the allegations in the complaint as true and assumes

---

[2] By making this statement, Defendants in no way concede that Plaintiff, or any of the putative class members in this action were or are employed by Defendant G6, and do not concede in any way that Plaintiff's allegations in the Complaint are accurate.

3
DEFENDANTS' NOTICE OF REMOVAL

the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (citing *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012)).

### 1. Wage Statement Penalties

17. Among other things, Plaintiff seeks penalties for allegedly inaccurate wage statements under California Labor Code § 226 on behalf of herself and the putative class. (Ex. 3, FAC, ¶ 99.) Plaintiff alleges that when she and putative class members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, Defendants also failed to provide them with accurate itemized wage statements. (*Id.*, ¶ 98.) Aside from this alleged violation, Plaintiff also alleges Defendants failed to provide wage statements that list all the requirements under California Labor Code § 226 *et seq.* (*Id.*)

18. Labor Code § 226 carries a one year statute of limitations, making the liability period here span from November 5, 2017 through the present (i.e., one year prior to the filing of the Complaint). Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015).

19. From November 5, 2017 to the present, Defendants employed at least 5,446 employees who received approximately 83,079 wage statements. (Moore Decl., ¶ 6.) None of these employees received more than 32 wage statements. (*Id.*)

20. Therefore, based on Plaintiff's allegations, the amount in controversy for this claim is **$8,035,600** ([5,446 wage statements x $50 = $272,300] + [77,633 wage statements x $100 = $7,763,300]). This claim alone meets the $5,000,000 threshold.[3]

///
///
///

---

[3] In alleging the amount in controversy, Defendants do not concede in any way that Plaintiffs' allegations are accurate, or that Plaintiffs are entitled to any of the monetary relief they seek. Defendants do not concede that any putative class members are entitled to any recovery, or are appropriately included in the Action.

4
DEFENDANTS' NOTICE OF REMOVAL

37076885_1

### 2. Waiting Time Penalties

21. Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of herself and "all employees who terminated employment during the [Class Period]." (Ex. 3, FAC, ¶ 107.)

22. California Labor Code § 203 provides that "[i]f an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

23. A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

24. From November 5, 2015 to the date of this removal, at least 7,855 putative class members separated from their employment with Motel 6. These putative class members earned an average hourly rate of $11.17, with an average daily rate of pay of $89.36. (Moore Decl., ¶ 7.) Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is **$21,057,684** ($11.17 x 8 hours x 30 days x 7,855 putative class members = $21,057,684).

### 3. Attorneys' Fees

25. Based on the above claims, Defendants have demonstrated that **$29,093,284** is in controversy based on plaintiff's allegations.[4]

26. Plaintiff also seeks attorney fees. (Ex. 3, FAC, Prayer for Relief, ¶ 4(c).) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees

---

[4] $8,035,600 in wage statement penalties + $21,057,684 in waiting time penalties + $ = $29,093,284.

under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same).

27. Assuming an award of attorneys' fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$7,273,321** ($29,093,284 x 0.25)

### 4. Summary

28. Even excluding Plaintiff's claims for failure to pay minimum wages, overtime wages, and to permit meal and rest periods, her allegations satisfy the $5,000,000 threshold for purposes of removal under CAFA. Even the most conservative of estimated recoveries for Plaintiff's additional claims pushes the amount in controversy further over the $5 million threshold.

## IV. VENUE IS PROPER IN THIS COURT

29. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. (28 U.S.C. § 84(d).) Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. (28 U.S.C. § 1441(a).)

30. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Mike Moore and Jesse C. Ferrantella, and Exhibits 1 to 4, which constitute a copy of all processes, pleadings, and orders provided to Defendants.

31. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiff served her original Complaint on Defendants on December 18, 2018. (Ferrantella Decl. ¶ 3, Ex. 2.)

37076885_1

32. As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiff through her attorneys of record.

33. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

34. If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an Order to Show Cause so it may have an opportunity to more fully brief the grounds for this removal.

## V. CONCLUSION

For the foregoing reasons, Defendants remove the above-entitled action to the United States District Court for the Southern District of California.

DATED: January 17, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tim L. Johnson*
Spencer C. Skeen
Tim L. Johnson
Jesse C. Ferrantella
Nikolas T. Djordjevski

Attorneys for Defendants G6 HOSPITALITY, LLC and MOTEL 6 OPERATING L.P.

37076885.1